IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03198-MEH

AME RAPHAEL GILLES SENAWO,

    Plaintiff,

v.

A. MACARTHUR, Lafayette Police Department Officer,
LEONARD FAZIO, Lafayette Police Department Officer, and
CITY OF LAFAYETTE, COLORADO,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendants' Motion to Dismiss (ECF 19) to which Plaintiff has responded (ECF 27) and Defendants replied (ECF 31). Oral argument would not materially assist in the Motion's adjudication. For the reasons that follow, the Motion is granted.

## BACKGROUND

For purposes of this ruling, the Court accepts as true the factual allegations—but not any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Complaint (ECF 1). *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis). Given his *pro se* status, the Court construes his pleadings broadly, and it includes for consideration his other filings as sources of additional background and context helpful to understanding his grievance better. *Vreeland v. Huss*, No. 18-cv-00303-PAB-SKC, 2021 WL 1171670, at *5 (D. Colo. Mar. 29, 2021); *Lassley v. Aminokit Labs., Inc.*, No. 15-cv-01531-REB-MJW, 2015 WL 9437879, at *1 (D. Colo. Nov. 18, 2015) (permitting a court's consideration of prior pleadings).

I.  **Allegations**

Plaintiff recounts several aspects of his life before the theft incident that precipitated this civil action. For example, he provides records from his business, American International Home Technologies Solutions. They show that his business is capitalized with $13,000, and it provides a variety of home security services to high-end clients in Togo (his country of origin). It has ten employees and a website. ECF 28-1 at 1-17; ECF 28-4 at 4.

From 2005 through 2007, Plaintiff pursued an immigration status adjustment. At ECF 28-2, he submits records about his divorce from his US-citizen spouse following a marital abuse incident of which he was the victim. Plaintiff alleges a very wide-ranging scheme over the past twelve years by law enforcement to stalk and harass him in retaliation for that marital abuse incident. He frames the allegation in terms of a broad, systemic deprivation of rights and loss of government services.

Plaintiff counts twelve prior theft incidents, 99% of which police departments declined to investigate, and only one case resulted in a suspect's arrest. ECF 1 at 5. Plaintiff provides additional information about prior theft incidents at ECF 28 that accompanies his Response. He references the theft of his briefcase from the Denver Grand Central Library on an unstated date. In a Victim Impact Statement, he listed a wide range of property that the briefcase contained. There was a wide variety of computers, data storage devices, and related electronic accessories. It contained many different brands of men's cologne, toiletries, and business documents as well. His wallet and laptop also were stolen along with the briefcase. ECF 28-3 at 6.

His car was stolen in Illinois in May 2013. It contained business records, designer clothes, cologne, and computer equipment. ECF 28-3 at 7-8. He filed several different grievances and possibly a civil action complaint over how local law enforcement handled that matter (as well as another incident involving a dog attack). ECF 28-4 at 11, 18.

His suitcase was stolen in New York City on the night of February 28, 2018. It contained a wide variety of designer clothes (including four suits; fourteen coats, jackets, and blazers; and seven pairs of shoes) and cologne brands. It also contained computers, electronics, personal records, and commercial documents. He lost over $8,000 and additional foreign currency. ECF 28-3 at 9-10. He filed several grievances about the lack of response from local law enforcement which he regarded as the "denial of government basic services" and attributed to discrimination. ECF 28-4 at 2-3, 7-8, 12-16, 22-23, 28-29.

A mental health therapist's treatment note dated July 5, 2018 indicates that Plaintiff had been complaining of anxiety over law enforcement's lack of response to the New York City theft incident since the previous March. ECF 28 at 3.

The theft incident that precipitated this lawsuit occurred on November 27, 2019. Plaintiff had put his backpack down inside a Goodwill store to shop. When he went to retrieve it after shopping, it was gone. Plaintiff submits a Victim Impact Statement for the incident in which he reported the loss of money and a wide range of property including an external hard drive containing all of his business records. ECF 28-3 at 5.

He reported the theft to the police. Defendant Fazio was the first police officer to arrive at the Goodwill store in response to the call. Later, Plaintiff was informed that another police officer, Defendant MacArthur, also would assist in the investigation. Defendants wrote an investigatory report about the theft incident, Plaintiff concedes, and he is even complimentary of the police chief (ECF 1 at 5). Nevertheless, he regards law enforcement's response as inadequate overall.

## II.   Claims for Relief

Plaintiff alleges that Defendants violated his Fourth, Fifth, Eighth, and Fourteenth Amendment constitutional rights, and the Court presumes that he sues them under 42 U.S.C. § 1983 as his cause of action (given that he brings his claims against them as state actors). Plaintiff

3

complains that the Lafayette Police Department did not investigate it as thoroughly as he believes it should have done. It is that deficient investigation that is subject of his constitutional violation claims. He describes no detention or search of his person, nor the use of force. He was not arrested, and no criminal charges were brought against him. He asks the Court to solicit federal law enforcement agencies to help him and to enjoin the robber to return his property. Plaintiff requests judicial involvement far beyond the scope of the reported theft incident and its investigation. He requests the Court to undertake its own investigation of nationwide databases and reports regarding his requests for law enforcement's help between 2007 and 2021.

## LEGAL STANDARDS

### I.     Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of a plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Iqbal*, 556 U.S. at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## II.   Treatment of a *Pro Se* Complaint

A federal court construes a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). The Tenth Circuit interprets this rule to mean that if a court "can

5

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, that does not mean that a court should "assume the role of advocate for the *pro se* litigant." *Id.* A court will not assume fact allegations that have not been pleaded or construct a legal theory on the plaintiff's behalf to round out the complaint. *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998).

### III. Qualified Immunity

Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly violative at the time of the official's actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It "protects all but the plainly incompetent or those who knowingly violate the law." *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018) (citing *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)). The privilege is an entitlement not to stand trial or face the other burdens of litigation, and thus, it is immunity from being sued rather than a defense to liability. *Ahmed v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006). Qualified immunity exists if (1) the law enforcement officer's actions violated a constitutional or statutory right and (2) the right was clearly established at the time of the officer's conduct. *Harris*, 838 F. App'x at 342.

For a right to be "clearly established," its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016). A plaintiff "typically must identify 'an on-point Supreme Court or published Tenth Circuit decision,' but also may look to the 'weight of authority' from other courts." *Harris*, 838 F. App'x at 342. The clearly established right must be "particularized to the facts of the case" and should not be defined "at a high level of generality," *id.*, especially in the

excessive force context, *City of Escondido v. Emmons*, 139 S.Ct. 500, 503 (2019). However, a case directly on point is not required so long as existing precedent has placed the statutory or constitutional question beyond debate. *A.N. v. Syling*, 928 F.3d 1191, 1197 (10th Cir. 2019). A general statement of the law can establish a right for qualified immunity purposes if it applies with obvious clarity to the specific conduct in question. *Ramirez v. Reddish*, No. 18-cv-00176-DME, 2020 WL 1955366, at *4 (D. Utah April 23, 2020). "A general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009).

## **DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint for a wide range of legal defects such as the lack of a cognizable claim for relief. The individual Defendants also assert the defense of qualified immunity.

### I. Cognizable Constitutional Violation

As the Court observes above, it is the adequacy of Defendants' investigation that is the focus of his Complaint. He was not detained nor searched, and no force was used. He was not arrested, and no criminal charges were filed against him. Consequently, the Fourth and Eighth Amendments do not apply. Those amendments only would apply if he was the subject of the criminal investigation.

Plaintiff also claims a due process violation. However, the Fifth Amendment does not apply because Defendants are state, not federal, actors. *Koessel v. Sublette County Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013) (explaining that scope of the Fifth Amendment's Due Process Clause is limited to the federal government).

*Koessel* furthers that it is the Due Process Clause of the Fourteenth Amendment that governs state government actors. *Id*. However, Plaintiff's Fourteenth Amendment claim fails on the merits because there is no link between the deprivation of a *protected* property interest and an act by a Defendant, as *Nichols v. Bd. of Cty. Comm'rs*, 506 F.3d 962, 969 (10th Cir. 2007) requires to be shown to state a due-process cause of action. None of the Defendants stole Plaintiff's backpack. Nor did the Fourteenth Amendment impute on Defendants an obligation to protect Plaintiff's property from interference by a private actor thief. The Due Process Clause serves to limit interference by *state* actors. *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-196 (1989).

Plaintiff's own allegations show that Defendants did respond to his theft report and did take action. His grievance instead is that they did not conduct their investigation as thoroughly as he believes they should have. However, there is no constitutional right to compel law enforcement to conduct a criminal investigation to the victim's satisfaction. *Jones v. Bowers*, 737 F. App'x 846, 848 (10th Cir. 2018); *Marner v. Lokshina*, No. 15-cv-0991-LTB, 2015 WL 4761370, at *6 (D. Colo. Aug. 13, 2015). *See also Hickenlooper*, 859 F.3d at 904 (noting how a private citizen has no cognizable interest in the proper administration of the laws or the prosecution of another private citizen). Even assuming as true that Defendants did not investigate the theft properly—an allegation which Defendants deny—an inadequate investigation does not violate a constitutional right.

Likewise, the law circumscribes a federal court's oversight over a local law enforcement agency. A federal court may not compel local authorities to conduct a particular criminal investigation at a private citizen's request. *Domai v. Univ. of Utah*, No. 16-cv-00196, 2017 WL 4277157, at *1 (D. Utah July 10, 2017). Nor does the law entrust a federal court "with the responsibility of ensuring" effective law enforcement. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004).

It follows then that Plaintiff identifies no constitutional right that Defendants violated. Not only does Plaintiff's claims fail on their merits, but the absence of a constitutional violation means that the individual Defendants are entitled to qualified immunity.

As for the City of Lafayette, Plaintiff identifies no specific act of wrongdoing directly by it that violated any of his constitutional rights. A municipality is liable under Section 1983 only for its own illegal conduct. *Watkins v. Douglas County*, No. 20-cv-01172-RM-MEH, 2020 WL 8408482, *16 (D. Colo. Sept. 15, 2020) (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). The absence of any constitutional violation by the individual Defendants posses an additional bar to holding the City of Lafayette liable. *Graves v. Thomas*, 450 F.3d 1215, 1225 (10th Cir. 2006) (citing *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993)0; *Ellis v. Ogden City*, 589 F.3d 1099, 1104 (10th Cir. 2009) (citing *Monell v. New York*, 436 U.S. 658, 690 (1978)). Nevertheless, even if this Court were to consider Plaintiff's grievance in relation to the City of Lafayette's police department generally, the alleged deficiency of its response to the theft incident would not state a constitutional violation on the merits for the same reasons the Court explains above.

**II.     Leave to Amend**

The Court notes the Tenth Circuit's general rule to permit a *pro se* litigant leave to amend if it is all possible that pleading defects can be cured or a plausible claim for relief be stated. *Brandt*

9

*v. Crone*, No. 19-cv-03103-MEH, 2021 WL 681441, at *6 (D. Colo. Feb. 22, 2021) (citing *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)). The Tenth Circuit also permits dismissal with prejudice and without leave to amend if the futility of such is obvious. *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)). The nature of the deficiencies at issue in this case means that any attempt to amend the pleading would be futile. His Complaint and other filings already provide an extensive presentation of the facts and description of his grievance. The Court has undertaken its own extensive review of his allegations and the underlying record that he submits in support thereof. Having done so, the Court sees no basis by which he can maintain a plausible constitutional violation claim.

## CONCLUSION

Plaintiff contends that Defendants violated his constitutional rights, but he does not indicate how any Defendant acted *against* him in a way that interfered with or deprived him of a constitutional protection. He concedes that Defendants did take action, just not to the degree he prefers. While he may have wanted them to do more and understandably hoped for a beneficial outcome, the law does not recognize that particular shortcoming as a violation of his constitutional rights. Nor does he allege a wrongdoing for which the Court may provide redress.

Accordingly, Defendants' Motion to Dismiss [filed July 6, 2022; ECF 19] is **granted**, and Plaintiff's Complaint is dismissed with prejudice and without leave to amend.

The Clerk of Court shall enter Final Judgment in Defendants' favor and close this civil action.

Dated at Denver, Colorado, this 18th day of October, 2022.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge